USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/2/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TORRELL SAXON,

                 Petitioner,

– against –

UNITED STATES OF AMERICA,

                 Respondent.

**OPINION AND ORDER**
14 Civ. 733 (ER)
13 Civ. 4966 (ER)

Ramos, D.J.:

    Petitioner Torrell Saxon ("Petitioner"), an incarcerated *pro se* litigant, brings this habeas corpus action pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. On December 18, 2014, this Court granted Petitioner's request for the Court to appoint an attorney to represent him in this matter. Doc. 38.[1]

    "[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (citation omitted). Nonetheless, "[w]henever . . . the interests of justice so require," this Court has discretion to appoint counsel to any person seeking relief under 28 U.S.C. § 2255 who is "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a)(2)(B). The appointment of counsel is discretionary in all habeas corpus cases unless an evidentiary hearing is needed. *See, e.g., Azzara v. United States*, No. 10 Civ. 8104 (CM), 2011 WL 5025010, at *2 (S.D.N.Y. Oct. 20, 2011); *Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC) (DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004) (citations omitted).

---

[1] On February 7, 2014, May 23, 2014, and July 8, 2014, the Court denied, without prejudice, previous requests by Plaintiff for the Court to appoint counsel to represent him in this matter. Doc. 2; Doc. 25 (13 Civ. 4966); Doc. 33 (13 Civ. 4966). Unless otherwise noted, all docket entry numbers refer to filings in 14 Civ. 733 (ER).

In this case, Petitioner asked the Court to appoint counsel to "advise him regarding the issue of waiver of the attorney-client privilege" and help him incorporate newly discovered material into his petition for habeas corpus relief. Doc. 43 at 1-2 (13 Civ. 4966). As recounted in the Court's December 18, 2014 Order, Petitioner's specific aim was to obtain counsel "to review and transcribe audio recordings of telephone calls between Petitioner and his trial attorney, and to 'correctly file,' as needed, supplemental briefing based on the contents and potential legal consequences of those calls." Doc. 38 at 2 (quoting Doc. 43 at 1-2 (13 Civ. 4966)). This Court granted Petitioner's request based on Petitioner's provision of preliminary transcriptions of selected audio clips, which, the Court found, raised sufficiently substantial questions bearing on Petitioner's allegations of ineffective assistance by his trial counsel as to warrant the appointment of an attorney to represent him in the instant habeas corpus action. *Id.* at 3. The Court made no comment, however, as to the specific tasks and functions to be carried out by Petitioner's appointed counsel in the course of his or her representation of Petitioner. In a subsequent order, on December 31, 2014, the Court appointed attorney Kenneth Paul ("Paul") to represent Petitioner pursuant to the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. Doc. 40.

On February 27, 2015, the Court received a letter from Petitioner dated February 18, 2015 requesting that Paul be "terminated" as his attorney. Doc. 41 at 1. The Court has also received a letter dated February 25, 2015 from Paul, joining Petitioner's request and asking that he be relieved as Petitioner's appointed counsel and that a new CJA attorney be appointed to represent Petitioner in this case. Doc. 42 at 2. Petitioner's letter states several bases for his request for new counsel, none of which appear to be of any merit. Nevertheless, because Paul joins in Petitioner's request, the Court will relieve Paul from representing Petitioner and order that a new attorney be appointed to represent Petitioner.

Petitioner is reminded, however, that he is not entitled to counsel in connection with this proceeding and has been appointed counsel solely in the Court's discretion. Petitioner is also advised that counsel is *not* required to consult with Petitioner regarding all matters that may arise during this litigation and is free, for example, to enter into a stipulation to receive draft transcripts prepared by the government subject to restrictions on their use. *See, e.g., Florida v. Nixon*, 543 U.S. 175, 187 (2004) ("An attorney undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy. That obligation, however, does not require counsel to obtain the defendant's consent to 'every tactical decision.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Taylor v. Illinois*, 484 U.S. 400, 417-418, (1988)); *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) ("As a rule, counsel's decision to stipulate to certain evidence, like his decisions to offer or object to evidence, involves a strategic choice, which is virtually unchallengeable . . . .") (internal citations and quotation marks omitted).

Accordingly, Paul's motion to withdraw from this case is GRANTED, and Benjamin Gruenstein of Cravath, Swain, and Moore is hereby appointed, under the Criminal Justice Act, to represent Petitioner in this matter.

It is SO ORDERED.

Dated:   March 2, 2015
         New York, New York

Edgardo Ramos, U.S.D.J.